UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA CROCKETT,

      Plaintiff,

v.

      Civil Case No. 20-13207
      Honorable Linda V. Parker

GENERAL MOTORS COMPANY,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 10) AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND FOR NEW SUMMONS (ECF NO. 12)

On December 3, 2020, Plaintiff filed this *pro se* action alleging employment discrimination in violation of federal and state law against her former employer, which Plaintiff misnamed in her pleading as General Motors Company rather than General Motors, LLC. (ECF No. 1.) The Court granted Plaintiff's application to proceed *in forma pauperis* and have the United States Marshal complete service in this action. (ECF No. 5.) When Defendant was not timely served, it filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 10.) Plaintiff failed to respond to Defendant's motion; however, she subsequently filed a motion to amend her Complaint to correct the misnomer and requested the issuance of a new summons. (ECF No. 12.) Defendant does not oppose Plaintiff's amendment to the extent it corrects the misnomer but argues that Plaintiff's

amended pleading should not relate back to her original filing and thus would be time-barred.

The Court finds good cause for Plaintiff's failure to effectuate timely service in this matter. Plaintiff sought, and was granted, service via the U.S. Marshal. It does not appear that Plaintiff was informed—before Defendant filed its motion to dismiss—that service had not been successfully completed. The record does not suggest that Plaintiff was informed that the "associated address" she provided for service (*see* ECF No. 13 at Pg ID 134) was incorrect. Pursuant to Federal Rule of Civil Procedure 4(m), the Court may extend the deadline for Plaintiff to effectuate service rather than dismissing the action without prejudice.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is

subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Defendant maintains that Plaintiff's proposed amendment would be futile because her claims are time-barred based on the date she alleges she received her Notice of Right to Sue from the Equal Employment Opportunity Commission. (ECF No. 16 at Pg ID 145.) Defendant argues that Plaintiff's proposed amended complaint should not relate back to her original filing as it does more than correct a misnomer. (*Id*. at Pg ID 146.) Contrary to Defendant's assertion, this Court is not clear how Plaintiff's proposed Amended Complaint "substantively and materially changes the factual allegations," her alleged damages, or the statutory basis for her lawsuit. Therefore, the Court is unprepared to conclude at this time that the amendment would not relate back to her original filing and would be time-barred.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 10) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 12) is **GRANTED** and Plaintiff shall file her Amended Complaint **within twenty-one (21) days** of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and present to the Clerk's Office the following documents to effect service in this case via the U.S. Marshal:

- One (1) copy of the Amended Complaint for each defendant;
- Two (2) U.S.M. 285 forms for each defendant; and,
- Three (3) summonses for each defendant.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to process this case for service upon receipt of the properly completed documents listed above; and the U.S. Marshal is directed to serve a copy of the Amended Complaint, summons, and this Opinion and Order upon each defendant named in the Amended Complaint without prepayment of the usual costs for such service.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 28, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 28, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager